UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS SMITH,

                Plaintiff,             CIVIL ACTION NO. 09-14197

          v.                  DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF            MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

                Defendant.

_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.**    **PROCEDURAL HISTORY**

    *A.*    ***Proceedings in this Court***

    On October 26, 2009, Plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability, Disability Insurance (DIB) and Supplemental Security Income (SSI) benefits (Dkt. No. 3). This matter is currently before the Court on cross-motions for summary judgment (Dkt. Nos. 27, 28).

    *B.*    ***Administrative Proceedings***

    Plaintiff filed the instant claims on April 20, 2006 (DIB) and May 1, 2006 (SSI), alleging that he became unable to work on February 10, 2006 (Tr. 119-123, 115-118). Plaintiff's claims were initially disapproved by the Commissioner on August 11, 2006 (Tr. 66-70, 71-74). Plaintiff requested a hearing and, on January 8, 2009, Plaintiff appeared with counsel before Administrative Law Judge (ALJ) Ayrie Moore, who considered the case *de novo*. In a decision dated March 24,

2009, the ALJ found that Plaintiff was not disabled (Tr. 6-19). Plaintiff requested a review of this decision on May 8, 2009 (Tr. 5). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on September 30, 2009, denied Plaintiff's request for review (Tr. 1-4).

In light of the entire record in this case, I find that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    STATEMENT OF FACTS

### A.    *ALJ Findings*

Plaintiff was 47 years old at the time of the most recent administrative hearing (Tr. 17). Plaintiff has past relevant work as a paint mixer, sewer cleaner, siding worker, and subcontractor (Tr. 48-53). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since February 10, 2006 (Tr. 11). At step two, the ALJ found that Plaintiff had the following "severe" impairments: Marfan's Syndrome, status post aortic aneurysm repair, degenerative disc disease in the lumbar spine, and lumbar spondylosis. *Id*. At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.* Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform "sedentary work...except [Plaintiff] can lift, carry and push and pull 10 pounds occasionally and less than that amount frequently; he can stand and walk for abut two hours in a workday, sit for about six hours and can perform work that requires no reading or writing and no bending from the waist to the floor" (Tr. 12). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work, which was performed at the medium to heavy range of exertional work (Tr. 17). At step five, the

ALJ denied Plaintiff benefits, because the ALJ found that Plaintiff could perform a significant number of jobs available in the national economy, such as production assembly (2,000 jobs in the state of Michigan), visual inspector (2,000 jobs in the state of Michigan), or packager (2,000 jobs in the State of Michigan) (Tr. 18).

### B.    Plaintiff's Claims of Error

Plaintiff raises one argument on appeal – that the ALJ did not properly evaluate Plaintiff's subjective complaints of back pain, in light of diagnoses of lumbosacral disc degeneration and spondylosis (Pl's Br. at 11-15).[1]

## III.   DISCUSSION

### A.    Standard of Review

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has

---

[1]  Any other objections to the ALJ's decision have been waived, as Plaintiff did not raise them in his motion for summary judgment. *See Brainard v. Secretary of Health and Human Serv's.*, 889 F.2d 679, 681 (6th Cir. 1989).

failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their

insured status; Title XVI benefits are available to poverty stricken adults and children who become

disabled.  F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"

*Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by reason of any
> medically determinable physical or mental impairment which can be
> expected to result in death or which has lasted or can be expected to
> last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the

application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful
> activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or
> combination of impairments, that "significantly limits...physical or
> mental ability to do basic work activities," benefits are denied without
> further analysis.

> Step Three:  If the claimant is not performing substantial gainful
> activity, has a severe impairment that is expected to last for at least
> twelve months, and the severe impairment meets or equals one of the
> impairments listed in the regulations, the claimant is conclusively
> presumed to be disabled regardless of age, education or work
> experience.

> Step Four:  If the claimant is able to perform his or her past relevant
> work, benefits are denied without further analysis.

> Step Five: Even if the claimant is unable to perform his or her past
> relevant work, if other work exists in the national economy that the
> claimant can perform, in view of his or her age, education, and work
> experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

## C.      Analysis and Conclusions

As noted earlier, Plaintiff raises one argument on appeal – that the ALJ did not properly evaluate his subjective complaints of back pain in light of diagnoses of lumbosacral disc degeneration and spondylosis (Pl.'s Br. at 11-15).  More specifically, Plaintiff argues that the ALJ's decision "fails to recognize numerous medical diagnoses in the record" documenting Plaintiff's back conditions.  *Id.* at 11.  Defendant responds that the ALJ properly evaluated Plaintiff's credibility and the substantial evidence supports the ALJ's conclusions.  Defendant is correct.

The ALJ specifically recognized in her opinion that Plaintiff suffered from the severe impairments of "degenerative disc disease in the lumbar spine" and "lumbar spondylosis" (Tr. 11).  However, the mere presence of an underlying medical condition, which could produce disabling symptoms, only satisfies the first prong of the Sixth Circuit's standard for evaluating subjective complaints of pain.  *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir.

-7-

1986).  To satisfy the second prong of the test – and prove that his subjective complaints are disabling – Plaintiff must present objective medical evidence confirming the severity of the alleged symptoms, or show that the medical condition is of such severity that it could reasonably be expected to produce disabling symptoms.  *See Duncan*, 801 F.2d at 853.  Significantly, a diagnosis of an impairment alone is not indicative of the severity of the condition or of correlative functional limitations.  *See Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988) (signs of arthritis are not enough; a plaintiff must show that the condition is disabling); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987) (mere diagnosis of a condition is not indicative of disabling functional debilitation).  Where Plaintiff's alleged or reported symptoms exceed the expected level of pain and/or dysfunction, the ALJ considers other factors relating to the claimant's subjective complaints as set forth in 20 C.F.R. § 404.1529 and SSR 96-7p, which is exactly what the ALJ did here.

Indeed, in this matter, the ALJ considered Plaintiff's testimony regarding his activities of daily living and acknowledged that his "testimony regarding the few activities of daily living lends some support to his pain allegations" (Tr. 16).  *See* 20 C.F.R. § 404.1529(c)(3)(I) (factors relevant to your symptoms, such as pain, which we will consider include your daily activities).  However, the ALJ also observed that Plaintiff "described greater limitations in his testimony than were described in his reports to his various treating sources" (Tr. 15).

In particular, the ALJ noted that Plaintiff reported to the Agency that he "made his lunch, was able to perform all personal care, cleaned the house, and did the dishes" (Tr. 12 citing Tr. 145-52).  As the ALJ stated, "[o]f note, the treatment records indicated that [Plaintiff] did not have any difficulty performing or completing routine daily activities" (Tr. 15 citing Tr. 329).  Further, the ALJ read Plaintiff's statement to the Agency in June of 2006 concerning his Activities of Daily Living

-8-

in which he reported the ability to lift 10-15 pounds (Tr. 16). The ALJ pointed out that Plaintiff's wife confirmed this statement (Tr. 16). Moreover, the ALJ noted that Plaintiff indicated this level of ability just one month after his May 2006 surgery (Tr. 16). Nevertheless, giving Plaintiff the benefit of the doubt in light of his very pessimistic testimony, the ALJ accounted for Plaintiff's reported level of dysfunction and "accounted for them in the minimal demands of sedentary work" (Tr. 16).

The ALJ also considered Plaintiff's treatment history in determining Plaintiff's ability to perform work (Tr. 16). *See* 20 C.F.R. § 404.1529(c)(3)(v) (factors relevant to your symptoms, such as pain, which we will consider include treatment, other than medication, you receive or have received for relief of your pain or other symptoms). As the ALJ noted, Plaintiff "has not generally received the type of and frequency of medical treatment that one would expect for a totally disabled individual and not consistent with the intensity of pain alleged by" Plaintiff (Tr. 16). The ALJ also observed that "[t]he record reflects significant gaps in [Plaintiff's] history of treatment. He had not had any hospitalizations since his aortic repair surgery in May 2006" (Tr. 16). *See, e.g., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("But, in this case there is no evidence in the record explaining White's failure to seek treatment during this half-year gap. A 'reasonable mind' might therefore find that the lack of treatment during . . . [this] time frame indicated an alleviation of White's symptoms") (citations omitted).

Further, the ALJ noted that "the records reflect that the surgery was without complications, there has been limited post-operative follow up, and in fact, follow up cardiac studies and radiological studies demonstrate normal findings, *i.e.*, a March 17, 2007 CT scan was normal; a cardiac catheterization was normal" (Tr. 16). The ALJ added, "[r]elative to his degenerative disc disease, there is no evidence in the record that surgery has been recommended for

this condition, and [Plaintiff] has received little if any treatment for this allegedly disabling impairment(s). To the extent treatment has been rendered, it has been essentially routine and/or conservative in nature" (Tr. 16).

The ALJ also appropriately considered Plaintiff's use of medications and side-effects if any (Tr. 16). *See* 20 C.F.R. § 404.1529(c)(3)(iv) (factors relevant to your symptoms, such as pain, which we will consider include the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms). As the ALJ observed, "[d]espite the complaints of allegedly disabling symptoms, there have been significant periods of time since the alleged onset date during which [Plaintiff] has not taken any medications for those symptoms (*i.e.*, not taken Corgard as prescribed)" (Tr. 16). The ALJ observed that on April 24, 2007, Plaintiff reported that he was not on any medications for his back problems and that he had not taken cardiac medications since early 2007 (Tr. 15 citing Tr. 326). Further, the ALJ pointed out that Plaintiff reported to the Agency that he did not experience any side effects from his medications (Tr. 12 citing Tr. 139). Additionally, the ALJ noted, "[t]here is evidence that [Plaintiff] has not been entirely compliant in taking prescribed medications, which suggests that the symptoms may not have been as limiting as the claimant has alleged in connection with this application" (Tr. 16). The ALJ pointed to a March 23, 2006 progress note in which Plaintiff reported not having take his medication for six months (Tr. 13 citing Tr. 181). The ALJ also pointed to a March 17, 2007 progress note in which Plaintiff reported not having taken his medications for five to six months (Tr. 15 citing Tr. 321).

The ALJ also considered the medical source findings and noted that the record from Plaintiff's treating sources showed only "mild findings" (Tr. 16). *See* 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence of this type is a useful indicator to assist us in making reasonable

conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work.").  As the ALJ stated in her decision:

> I note that the record does not include any opinions of [Plaintiff's] treating physicians indicating that he is precluded from undertaking work activities with the exception of a six-week restriction of activities post-surgery.  Given [Plaintiff's] allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by his treating doctors.  A review of the record reveals none.

(Tr. 15-16).  Indeed, no physician of record offered more restrictions or greater limitations than those set forth by the ALJ.  Rather, the ALJ noted that the State Agency reviewing physician opined that Plaintiff was capable of performing light work and that opinion "has some support in the record" (Tr. 17 citing Tr. 300-06).  However, the ALJ, "giving [Plaintiff's] testimony the benefit of the doubt," determined that "the record more reasonably supports the above-described residual functional capacity for sedentary work.  No greater degree of limitation has been established by the record" (Tr. 16).

The ALJ competently considered the entire record and accommodated Plaintiff's limitations but ultimately stated:

> In sum, based upon all of these factors, the record as a whole supports some functional  limitations, but it does not fully support the credibility of [Plaintiff] regarding the severity or frequency of his symptoms as more supportive of any greater limitations or restrictions than those I have included in the residual functional capacity set forth in this decision. Consequently, there is no basis for finding that [Plaintiff] has suffered debilitating pain or any other symptoms that would further reduce the residual functional capacity described above at any time through the date of this decision.

It is well established that this Court does not make its own credibility determinations.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also Lawson v. Comm'r of Soc. Sec.*, 192 F. App'x 521, 528 (6th Cir. 2006).  The Court cannot substitute its own credibility determination

-11-

for the ALJ's.  The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed ...." *Kuhn v. Comm'r of Soc. Sec.*, 124 F. App'x 943, 945 (6th Cir. 2005).  "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005).  "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007).  The undersigned finds no basis to disturb the ALJ's credibility determinations on appeal.

In sum, the ALJ provided a detailed and lengthy discussion of her reasons for finding that Plaintiff's subjective complaints were not fully credible.  Therefore, I find that the ALJ's determination is supported by substantial evidence. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Infantado v. Astrue*, 263 F. App'x 469, 475-76 (6th Cir. 2008).

## III.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED**, and that the findings and conclusions of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address  each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon

MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  January 26, 2011


### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 26, 2011.*

s/Melody R. Miles

*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*