UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS SMITH,

        Plaintiff,         Case Number 09-14197
                              Honorable David M. Lawson
v.                                Magistrate Judge Mark A. Randon

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING DECISION OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on October 26, 2009 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits (DIB) under Title II and for supplemental security income (SSI) under Title XVI of the Social Security Act. The case was referred to Magistrate Judge Mark A. Randon pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment to affirm the decision of the Commissioner. Magistrate Judge Randon filed a report on January 26, 2011 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, the findings of the Commissioner be affirmed, and the plaintiff's complaint be dismissed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections thereto and has made a *de novo* review of the administrative record in light of the parties'

submissions. In his motion for summary judgment, the plaintiff contended that the administrative law judge (ALJ) committed legal error by failing to consider an entire line of medical evidence defining and describing the plaintiff's low back pain. By failing to consider or even discuss that evidence, the plaintiff argues, the ALJ did not apply properly the regulations prescribing the manner of assessing subjective complaints of pain when determining disability.

The plaintiff's objections to the magistrate judge's report tracks the same argument, coupled with the criticism that the magistrate judge misapprehended his argument. The plaintiff is correct in his observation that the magistrate judge mentioned but did not discuss the plaintiff's argument on appeal. Instead of addressing the procedural flaw that the plaintiff asserted, the magistrate judge focused on whether the ALJ's decision was supported by substantial evidence in the record.

The plaintiff, who is now forty-nine years old, filed his application for DIB, a period of disability, and SSI on May 17, 2006 when he was forty-four. He completed high school in 1981 but did not attend college, and he was in military service from November 4, 1984 through November 3, 1990. From 1996 through February of 2006, he owned a construction company that installed siding and assisted with rebuilding houses. The record reflects that the plaintiff suffers from Marfan Syndrome, a genetic disease that affects a protein in connective tissue, which can lead to defects in the cardiovascular and musculoskeletal systems. The disease caused an aortic root aneurysm requiring reparative surgery, which the plaintiff underwent on May 8, 2006 when he was forty-four years old. The surgical wound continues to cause chest pain that worsens upon exertion. The plaintiff also suffers from lumbrosacral disc degeneration, lumbago, and lumbar spondylosis in his lower spine, for which he provided treatment records from March 2004 through May 2006. On February 10, 2006, the plaintiff stopped working in his construction business, explaining that the

pain in his back became too great and he was no longer able to lift or carry the construction equipment necessary for his job. The plaintiff has not returned to work since. He takes four medications for his heart, one for high blood pressure, and one for pain management.

The plaintiff's applications for DIB, a period of disability, and SSI were denied initially on August 11, 2006. The plaintiff obtained counsel and made a timely request for an administrative hearing. On January 8, 2009, the plaintiff appeared with counsel before ALJ Ayrie Moore in Chicago, Illinois via video conference when the plaintiff was forty-seven years old. ALJ Moore filed a decision on March 24, 2009 in which she found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. The ALJ found that the plaintiff had not engaged in substantial gainful activity since February 12, 2006, the alleged onset date (step one); the plaintiff's existing conditions of Marfan's Syndrome, degenerative disc disease in the lumbar spine, lumbar spondylosis, and his status post aortic aneurysm reparative surgery were considered "severe" impairments under the Social Security Act (step two); these impairment alone or in combination did not meet or equal a listing in the regulations (step three); and the plaintiff was unable to perform any past relevant work, which was found to require medium to heavy exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a limited range of sedentary work. The ALJ found that the plaintiff was limitted to sitting for about 6 hours out of an 8 hour workday and walking or standing for about 2 hours out of an 8 hour workday; and lifting, carrying, pushing, or pulling 10 pounds on occasion and lesser amounts frequently. The ALJ found that the plaintiff would be precluded from work that required bending from the waist to the floor or reading and writing. Based on a hypothetical question

incorporating this residual functional capacity, a vocational expert testified that the plaintiff would be able to perform the requirements of representative occupations including production assembler, visual inspector, and packager, which exist with significant numbers in the Michigan and national economy. Based on these finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on September 30, 2009.

All parties agree with the magistrate judge that the plaintiff has the burden of proving disability in order to qualify for social security disability and supplemental security income benefits, and that "disability" is defined as the "inability to engage in any substantial gainful activity" due to a "physical or mental impairment" that could cause death or might reasonably be expected to last continuously for at least twelve months. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Of course, a person is not disabled merely because his or her limitation prevents the person from performing previous work, if that person can perform other "substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The parties also accept the rule that the authority of this Court to review administrative decisions of the Commissioner is limited to deciding whether the proper legal standards were used and "whether there is substantial evidence in the record to support the findings." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986)). The plaintiff takes issue with the application of this rule, however, arguing that the magistrate judge and the ALJ culled from the record only that evidence which favored a determination of no disability,

violating the familiar instruction that a decision cannot be based on a single piece of evidence in disregard of other pertinent evidence that exists in the record, *see Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978), and that "the substantiality of evidence must take into account whatever in the record fairly detracts from its weight," *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984).

In arriving at her decision, the ALJ was required to make credibility determinations. The plaintiff testified at the administrative hearing that he had chest and back pain that required him to take breaks, sit, and elevate his legs. Tr. 28, 30-31. He also could not commit to regular work on a daily basis due to his pain. When the ALJ asked the vocational expert whether jobs existed that could accommodate those limitations, the vocational expert said there were none. Tr. 59. When determining that the plaintiff retained the capacity to perform a range of sedentary work, the ALJ found that the plaintiff's complaints of pain were not fully credible.

The plaintiff's argument on appeal is that the ALJ did not follow the Secretary's own rules in making that credibility determination. Although subjective complaints of pain may be sufficient to support a claim of disability, *see Glass v. Sec'y of Health, Educ. & Welfare*, 517 F.2d 224, 225 (6th Cir. 1975) (per curiam), Congress has also stated that "there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain." 42 U.S.C. § 423(d)(5)(A).

Under 20 C.F.R. § 404.1529(b), the plaintiff must establish an underlying medical condition, and then show either (1) that objective medical evidence confirms the severity of the alleged pain

arising from the condition, or (2) the medical condition, objectively determined, is at a level of severity which can reasonably be expected to give rise to the alleged pain. If the plaintiff satisfies this burden, the ALJ must then evaluate the intensity and persistence of the plaintiff's pain symptoms in light of objective medical evidence, including the activity which precipitates or aggravates the plaintiff's symptoms, the plaintiff's daily activities, the intensity and duration of his symptoms, and medications, treatment and other means to relieve the symptoms. 20 C.F.R. § 404.1529(c).

The Sixth Circuit likewise has prescribed an analytical framework for evaluating subjective complaints of pain that tracks the regulation:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

The plaintiff contends that the ALJ completely ignored certain objective medical evidence when determining the plaintiff's credibility. He points to evidence in the record that documents diagnoses of lumbrosacral disc degeneration, lumbago, and lumbar spondylosis in his lower spine, and the treatment records from March 2004 through May 2006. *See* Tr. 184-189, 290, 316, 323-372. The plaintiff is correct that the ALJ did not make specific reference to those records. However, the Court cannot conclude that the ALJ ignored them altogether.

The ALJ in fact acknowledged the plaintiff's diagnoses of degenerative disc disease of the lumbar spine and lumbar spondylosis, finding that those impairments were severe. Tr. 11. The ALJ also found that those impairments in combination with the other severe impairments "could

-6-

reasonably be expected to cause the alleged [pain] symptoms." Tr. 15. The ALJ's adverse credibility determination thereafter resulted from her comparison of the plaintiff's hearing testimony with other evidence in the record touching upon the activity that precipitated or aggravated the pain, the plaintiff's activities of daily living, the duration of his symptoms, medications, treatment, and other means to relieve the symptoms. The discussion of the treatment for back pain was limited to the observation that "[t]he claimant has not generally received the type of and frequency of medical treatment that one would expect for a totally disabled individual and not consistent with the intensity of pain alleged by the claimant." Tr. 16. That discussion, such as it was, certainly is anemic. But if it constitutes error, the error is harmless. The records cited by the plaintiff are far from compelling. No doctor imposed any limitations on his activity. The treatment itself was conservative. It is unlikely that explication of those records would provide fodder for criticizing the ALJ's non-disability finding.

Certainly it would have been helpful for the ALJ to mention the diagnoses of the low back ailments and describe the treatment in some measure of detail. However, ultimately residual functional capacity is an assessment of the claimant's remaining capacity for work, once his limitations have been considered. *See* 20 C.F.R. § 416.945(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations."). It is meant "to describe the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from — though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240 (6th Cir. 2002).

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge, although failing to address specifically the plaintiff's

assignment of error, reached the correct conclusion that the ALJ's credibility determination was supported by substantial evidence. Although the discussion of all the evidence left much to be desired, the Court finds that any error committed by the ALJ was harmless, and the plaintiff's residual functional capacity was assessed properly.

Accordingly, it is **ORDERED** that the magistrate judge's recommendation [dkt #29] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt #31] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt #27] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #28] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

It is further **ORDERED** that the plaintiff's complaint [dkt. #1] is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 29, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL